1  SEDGWICK LLP
   BRUCE D. CELEBREZZE (Bar No. 102181)
2  *bruce.celebrezze@sedgwicklaw.com*
   MATTHEW C. LOVELL (Bar No. 189728)
3  *matthew.lovell@sedgwicklaw.com*
   MICHAEL A. TOPP (Bar No. 148445)
4  *michael.topp@sedgwicklaw.com*
5  333 Bush Street, 30th Floor
   San Francisco, California 94104
6  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
7
8  Attorneys for Plaintiff
   WESTCHESTER SURPLUS LINES INSURANCE
9  COMPANY

10

11                UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  WESTCHESTER SURPLUS LINES        CASE NO. CV 13 2491
    INSURANCE COMPANY, a Georgia
15  corporation,
                                     COMPLAINT FOR DECLARATORY
16            Plaintiff,             JUDGMENT AND REIMBURSEMENT
                                     [JURY DEMAND INDORSED HEREON,
17       v.                          Fed.R.Civ.P. 38]

18  DIVERSIFIED PRODUCTS
    MANUFACTURING, INC., a California
19  corporation; WESTERN FIBERGLASS,
    INC, a California corporation,
20
              Defendants.
21

22       Plaintiff Westchester Surplus Lines Insurance Company ("WSLIC") alleges as follows:

23                    **JURISDICTION AND VENUE**

24       1.      Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the parties are

25  citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of

26  interest and costs.

27       2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

28  § 1391(b)(1), in that defendant Western Fiberglass, Inc. is a resident of Santa Rosa, County of

1  Sonoma, California, and all defendants are residents of the State of California. Alternatively,

2  venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that the underlying civil

3  action giving rise to this insurance coverage dispute is venued and ongoing in the Superior Court of

4  California, County of Sonoma.

5  **PARTIES**

6  3.  WSLIC is a corporation organized and existing under the laws of the State of

7  Georgia, with its principal place of business in Alpharetta, Georgia.

8  4.  Defendant Diversified Products Manufacturing, Inc. ("Diversified") is a corporation

9  organized and existing under the laws of the State of California, with its principal place of business

10  in- Oroville, County of Butte, State of California.

11  5.  Defendant Western Fiberglass, Inc. ("Western") is a corporation organized and

12  existing under the laws of the State of California, with its principal place of business in Santa

13  Rosa, County of Sonoma, State of California.

14  **PRELIMINARY ALLEGATIONS**

15  **A.  The WSLIC Insurance Policies**

16  6.  WSLIC issued Environmental General Liability Policy No. G24063707 001 to

17  named insured "Diversified Products Manufacturing, Inc.," for the policy period March 2, 2009 to

18  March 2, 2010.  WSLIC subsequently issued Environmental General Liability Policy No.

19  G24063707 002, for the policy period March 2, 2010 to March 2, 2011, and Policy No.

20  G24063707 003, for the period March 2, 2011 to March 2, 2012.  Policy Nos. G24063707 001,

21  G24063707 002, and G24063707 003 are collectively referred to herein as "the WSLIC policies."

22  7.  As relevant to this action, the WSLIC policies each afford Commercial General

23  Liability Coverage, subject to a limit of $1,000,000 per occurrence for bodily injury and property

24  damage liability, and a $2,000,000 general aggregate limit.  The Commercial General Liability

25  Coverage is subject to a $5,000 deductible.  The WSLIC policies provide coverage pursuant to all

26  of the terms, conditions, limitations, exclusions, and endorsements contained therein.

27  8.  The WSLIC policies provide commercial general liability coverage pursuant to form

28  CG 00 01 10 01.  This form provides in part:

Sedgwick

-2-  CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

1    **SECTION I – COVERAGES**

2    **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

3    1.    **Insuring Agreement**

4         a.    We will pay those sums that the insured becomes legally obligated
               to pay as damages because of "bodily injury" or "property damage"
5               to which this insurance applies.  We will have the right and duty to
               defend the insured against any "suit" seeking those damages.
6               However, we will have no duty to defend the insured against any
7               "suit" seeking damages for "bodily injury" or "property damage" to
               which this insurance does not apply. ...

8
                                    *    *    *
9
10        b.    This insurance applies to "bodily injury" and "property damage" only if:

11             (1)    The "bodily injury" or "property damage" is caused by an
                     "occurrence" that takes place in the "coverage territory";
12                    and

13             (2)    The "bodily injury" or "property damage" occurs during the
                     policy period.
14
                                    *    *    *
15
16   2.    **Exclusions**

17        This insurance does not apply to:

                                    *    *    *
18
19        f.    **Pollution** [*As amended by the Products Pollution Liability Endorsement*]

20             (1)    "Bodily injury" or "property damage" arising out of the
                     actual, alleged or threatened discharge, dispersal, seepage,
21                    migration, release or escape of "pollutants":

22                                  *    *    *

23                  (f)    At or from any premises, site or location that is not
                          or never was owned or occupied by, rented or
24                         loaned to any insured.  However, this subparagraph
                          does not apply to "bodily injury" or "property
25                         damage" included within the "products-completed
26                         operations hazard" and arising out of an emission,
                          discharge, release or escape of a "pollutant" if the
27                         "bodily injury" or "property damage":

28                       (i)    Arises out of "your product"; and

                                    -3-                                    CASE NO.
                COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

(ii)    Occurs after you have relinquished possession of that product.

\* \* \*

**k.    Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\* \* \*

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**    "Your product";

**(2)**    "Your work"; or

**(3)**    "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**Testing or Consulting** [*Added pursuant to the endorsement entitled Testing or Consulting Professional Liability Exclusion – General Liability Coverage*]

The coverage afforded by this policy does not apply to bodily injury. property damage or personal and advertising injury arising out of:

1         (1)    An error, omission, defect or deficiency in:

2              (a)    Any test performed; or

3              (b)    Any evaluation. consultation or advice given by or on behalf of any Insured;

4

5         (2)    The reporting of or reliance upon any such test, evaluation. consultation or advice; or

6         (3)    An error, omission, defect or deficiency in experimental data or the insured's interpretation of such data.

7

                       \*   \*   \*

8

**SECTION IV – DEFINITIONS**

9

                       \*   \*   \*

10

11  **8.**    "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

12         **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

13

14         **b.**    You have failed to fulfill the terms of a contract or agreement;

15      if such property can be restored to use by:

16         **a.**    The repair, replacement, adjustment or removal of "your product" or "your work;" or

17

18         **b.**    Your fulfilling the terms of the contract or agreement.

19

                       \*   \*   \*

20  **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

21

                       \*   \*   \*

22  **17.**    "Property damage" means:

23

24         **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

25

26         **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

27

28

                       \*   \*   \*

Sedgwick℠

18. "Suit" means a civil proceeding in which damages because of "bodily injury" or "property damage" to which this insurance applies are alleged.

…

\* \* \*

21. "Your product"

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

(b) Others trading under your name;

(c) A person or organization whose business or assets you have acquired; and

(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and

(2) The providing of or failure to provide warnings or instructions.

\* \* \*

9. The WSLIC policies are endorsed to provide Contractors Pollution Liability Coverage, pursuant to Form ENV-1103(06-06). This endorsement provides, in part:

**COVERAGES – CONTRACTORS POLLUTION LIABILITY**

A. **Insuring Agreement**

We will pay those sums in excess of the deductible shown in the Declarations that the Insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. We shall have the right and duty to defend the Insured against any **claim** or **suit** seeking those damages. However, we shall have no duty to defend the insured against any **claim** or **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply.

\* \* \*

This insurance applies to a **loss** only if:

1. The **loss** occurs during the policy period; and

-6-

CASE NO.

COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

2.      The **loss** takes place in the **coverage territory**; and

3.      The **loss** arises out of **your work**.

In the event a **loss** continues to take place during multiple policy periods for policies issued by us, all bodily injury and property damage arising out of such **loss** will be deemed to take place during the earliest period during which the **loss** commenced.

**B.      Exclusions**

This insurance does not apply to:

\* \* \*

**8.      Impaired Property**

Any **suit(s)** or **claim(s)** arising out of **property damage** to **impaired property** or property that has not been physically injured, arising out of:

a.      A defect, deficiency, inadequacy or dangerous condition in **your product** or **your work**;

b.      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **your product** or **your work** after it has been put to its intended use.

\* \* \*

**15.      Products Liability**

**Bodily injury** or **property damage** arising out of **your product**.

\* \* \*

10.      The "Definitions" section of the endorsement entitled Contractors Pollution Liability Coverage, pursuant to Form ENV-1103(06-06), in the WSLIC policies defines certain terms in bold type as follows:

For the purposes of this endorsement, it is agreed that the following definitions will apply:

\* \* \*

**C.      Claim** means any written demand, notice, request for defense, request for indemnity, or other legal or equitable proceeding against any insured by a person, entity or asserted class for **loss**.

\* \* \*

COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

J.   **Impaired property** means tangible property, other than **your product** or **your work**, that cannot be used or is less useful because:

    1.   It incorporates **your product** or **your work** that is known or thought to be defective, deficient, inadequate or dangerous; or

    2.   You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

    1.   The repair, replacement, adjustment or removal of **your product** or **your work**; or

    2.   Your fulfilling the terms of the contract or agreement.

* * *

L.   **Loss** means **bodily injury** or **property damage**, neither expected nor intended from the standpoint of the Insured, caused by or resulting from a **pollution condition** and which results in a **claim** or **suit**.

* * *

P.   **Pollution condition** means the discharge, dispersal, release, escape, migration, or seepage of any solid, liquid, gaseous or thermal, material matter, irritant or contaminant, including smoke, soot, vapors, fumes, acids, alkalis, chemicals, hazardous substances, hazardous materials, or waste materials, on, in, into, or upon land and structures thereupon, the atmosphere, surface water or ground water.

* * *

R.   **Property damage** means:

    1.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of physical injury that caused it; or

    2.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the **loss**; or

    3.   **Cleanup costs**.

    4.   **Natural Resource Damage**.

S.   **Suit** means a civil proceeding in which damages because of bodily injury or **property damage** to which this insurance applies are alleged. **Suit** includes:

    1.   An arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent; or

-8-

COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

CASE NO.

2.      Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent.

**T.      Your product**:

1.      Means:

a.      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1)      You;

(2)      Others trading under your name;

(3)      A person or organization whose business or assets you have acquired; and

b.      Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

2.      Includes:

a.      Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and

b.      The providing of or failure to provide warnings or instructions.

\* \* \*

11.      The WSLIC policies each include a Professional Liability Coverage Endorsement, Form No. ENV-1105 (06-06). This endorsement states in part:

**THIS IS A CLAIMS-MADE POLICY WHICH COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED AND REPORTED TO THE INSURER, IN WRITING, DURING THE POLICY PERIOD OR EXTENDED REPORTING PERIOD, IF ANY.**

In consideration of the premium charged, it is hereby agreed the following coverage is added to the policy:

**COVERAGES – PROFESSIONAL LIABILITY**

**A.      Insuring Agreement**

1.      We will pay those sums in excess of the retention(s) shown in the Declarations that the insured becomes legally obligated to pay as damages because of **claim(s)** that result from the rendering or failure to render **professional services** for others to which this insurance applies. We shall have the right and duty to defend the insured against any **suit(s)** seeking those damages. However, we have no duties to pay damages as a result of **claim(s)** nor shall we

CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT
SF/3826809v1

have any duty to defend the insured against any **suit(s)** seeking damages that result from rendering or failure to render **professional services** to which this insurance does not apply.

\* \* \*

2.  This insurance applies to **claim(s)** that result from the rendering or failure to render **professional services** only if:

  a.  The alleged act, error, or omission takes place after the Retroactive Date, if any, shown in the Declarations and before the end of the policy period; and

  b.  The damages are caused by an alleged act, error, or omission that takes place in the **coverage territory**; and

  c.  The **claim(s)** are first made against any insured, in accordance with **Paragraph 3.** Below, during the policy period or any Extending Reporting Period we provide under the **EXTENDED REPORTING PERIOD** Section.

3.  A **claim** by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

  a.  When a notice of such **claim** is received and recorded by any insured or by us, whichever comes first; or

  b.  When we make a settlement in accordance with **Paragraph 1.** above.

If additional claims are subsequently made which arise out of the same specific set of facts as a claim already made in accordance with **Paragraph 2.** above, then all such additional claims shall be deemed first made within the policy year or extended reporting period in which the earliest claim arising out of such specific set of facts was made, and all such claims shall be subject to the same Limit of Insurance.

**B.  Exclusions**

This insurance does not apply to:

\* \* \*

**4.  Expressed Warranties and Guarantees**

**Claim(s)** based upon or arising from express warranties and guarantees.

\* \* \*

**13.  Prior Claims**

**Claim(s)** made against you prior to the inception of this policy.

**14.  Products Liability**

**Claim(s)** arising out of **your product**.

\* \* \*

**DEFINITIONS**

For the purpose of this endorsement the following definitions apply:

\* \* \*

**B.**   **Claim(s)** means a request or a demand received by you or us for money or services, including the institution of **suit**, seeking damages arising from an act, error, or omission in the rendering or failure to render **professional services**.

\* \* \*

**I.**   **Professional services** means those architectural, engineering, consulting, project management or construction management services that are performed by you or on your behalf.

\* \* \*

**J.**   **Suit** means a civil proceeding in which damages because of bodily injury or **property damage** to which this insurance applies are alleged.  **Suit** includes:

1.   An arbitration proceeding in which such damages are claimed and to which the Insured must submit or does submit with our consent; or

2.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent.

**K.**   **Your product:**

1.   Means:

a.   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1)   You;

(2)   Others trading under your name;

(3)   A person or organization whose business or assets you have acquired; and

b.   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

2.   Includes:

1

       a.      Warranties or representations made at any time with respect
                 to the fitness, quality, durability, performance or use of
**your product**; and

2

3

       b.      The providing of or failure to provide warnings or
instructions.

4

                     \*   \*   \*

5      12.    The WSLIC policies each include an endorsement entitled "Prior Operations

6  Exclusion," Form ENV-3130 (10-04). This endorsement provides:

7          This insurance does not apply to **claim(s)** or **suit(s)**, including the obligation to
investigation [*sic*], defend, or settle any such **claim(s)** or **suit(s)**, arising out of
operations or activities conducted or performed prior to 03/02/2009.

8

9          All other terms and conditions remain the same.

10  **B.**    **The Underlying *Western* Action**

11      13.    On November 10, 2011, Western filed a complaint against Diversified Products

12  Manufacturing LLC and Diversified Products Manufacturing, Inc. in the Superior Court of

13  California, County of Sonoma, Case No. SCV 250793 ("the *Western* complaint"). A true and

14  correct copy of the *Western* complaint is attached as Exhibit 1.

15      14.    The *Western* complaint alleges that Western is the purchaser of cuff installation kits

16  ("boots") consisting of inner and outer boots for use in gasoline pump systems manufactured by

17  Western and installed by Western in gas stations owned and operated by third parties. Diversified

18  is and was in the business of manufacturing and selling boots for use in Western's gasoline pump

19  systems.

20      15.    The *Western* complaint alleges that, on or about June 20, 2006, Western entered

21  into an oral contract with Diversified for the provision of boots for use in Western's gasoline pump

22  systems. The *Western* complaint alleges that Diversified's responsibilities under this contract

23  included manufacturing and providing non-defective boots. The *Western* complaint further alleges

24  that boots that Diversified manufactured and supplied to Western were defective in that they failed

25  prematurely and have caused physical damages to Western's pump systems, of which the boots

26  were a component part.

27      16.    The *Western* complaint alleges that Western installed gasoline pump systems at 14

28  locations in California in which defective boots manufactured by Diversified were installed and

1 then failed, causing physical damage to the gasoline pump systems at those locations. The *Western*
2 complaint further alleges that Western is entitled to recover damages, including the cost of
3 replacing the boots, the cost of repairing the physical damage caused to surrounding property by
4 the boots' failure, and a full refund for all defective boots purchased from Diversified.

5 17. The *Western* complaint seeks general and special damages in unspecified amounts,
6 as well as attorneys' fees.

7 18. WSLIC is informed and believes that all of the "boots" that Diversified sold to
8 Western were manufactured by Diversified and distributed to Western before March 2, 2009.

9 **C. The Tender of Defense of the *Western* Action**

10 19. Diversified notified WSLIC of the *Western* complaint, and requested a defense and
11 indemnity for Diversified. After investigating the matter, WSLIC accepted Diversified's tender of
12 defense of the *Western* complaint under a full and complete reservation of rights. WSLIC notified
13 Diversified that it disputes whether it has a duty to defend, it disputes any obligation to indemnify,
14 and it reserves the right to seek a declaratory judgment from the court, including reimbursement of
15 defense costs.

16 20. WSLIC has reimbursed certain of Diversified's attorneys' fees and other expenses
17 in connection with its defense of Diversified in the *Western* action.

18 **FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT (DEFENSE)**

19 21. WSLIC incorporates by reference, as if fully restated, paragraphs 1 through 20
20 above.

21 22. An actual controversy has arisen and now exists between WSLIC, on the one hand,
22 and Diversified, on the other hand, concerning their respective rights and duties under the WSLIC
23 policies.

24 23. WSLIC contends it has no duty to defend Diversified in the *Western* action under
25 the WSLIC policies because, among other reasons:

26 a. The claims alleged in the *Western* action arise out of operations or activities
27 conducted or performed before March 2, 2009, and therefore are subject to
28 the Prior Operations Exclusion.

Sedgwick™

SF/3826809v1 -13- CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

      b.    The Your Product exclusion in the Commercial General Liability Coverage applies.

      c.    The Damage To Impaired Property Or Property Not Physically Injured exclusion in the Commercial General Liability Coverage applies.

      d.    The Recall of Products exclusion in the Commercial General Liability Coverage applies.

      e.    The Testing or Consulting exclusion in the Commercial General Liability Coverage applies.

      f.    The Commercial General Liability Coverage is inapplicable because the *Western* action does not seek damages because of property damage that occurred during any of the WSLIC policy periods.

      g.    The Commercial General Liability Coverage is inapplicable because the *Western* action does not seek damages because of property damage caused by an "occurrence."

      h.    The Contractors Pollution Liability and Professional Liability coverages are inapplicable by their terms to the claims alleged in the *Western* action.

24.    WSLIC is informed and believes that Diversified contends that WSLIC is obligated to provide it a defense to the *Western* action.

25.    WSLIC desires a judicial determination of its rights and duties under the WSLIC policies, if any, with respect to Diversified's request for a defense to the *Western* action.

26.    A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without judicial adjudication. Accordingly, WSLIC has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that WSLIC has no duty under the WSLIC policies to defend Diversified in the *Western* action.

## SECOND CLAIM FOR RELIEF – DECLARATORY JUDGMENT (INDEMNITY)

27.    WSLIC incorporates by reference, as if fully restated, paragraphs 1 through 26 above.

Sedgwick

1       28.    An actual controversy has arisen and now exists between WSLIC, on the one hand,

2    and Diversified and Western, on the other hand, concerning their respective rights and duties under

3    the WSLIC policies with respect to WSLIC's potential indemnity obligations.

4       29.    WSLIC is informed and believes that Diversified contends that WSLIC is obligated

5    to indemnify it for any damages up to the policy limits that may be awarded against Diversified in

6    the *Western* action.

7       30.    WSLIC is informed and believes that Western contends it has a right to payment

8    under the WSLIC policies for any judgment rendered against Diversified in the *Western* action.

9       31.    WSLIC contends it has no duty to indemnify or to satisfy a judgment for damages

10   against Diversified in the *Western* action under the WSLIC policies because, among other reasons:

11          a.    The claims alleged in the *Western* action arise out of operations or activities

12                conducted or performed before March 2, 2009, and therefore are subject to

13                the Prior Operations Exclusion.

14          b.    The Your Product exclusion in the Commercial General Liability Coverage

15                applies.

16          c.    The Damage To Impaired Property Or Property Not Physically Injured

17                exclusion in the Commercial General Liability Coverage applies.

18          d.    The Recall of Products exclusion in the Commercial General Liability

19                Coverage applies.

20          e.    The Testing or Consulting exclusion in the Commercial General Liability

21                Coverage applies.

22          f.    The Commercial General Liability Coverage is inapplicable because the

23                *Western* action does not seek damages because of property damage that

24                occurred during any of the WSLIC policy periods.

25          g.    The Commercial General Liability Coverage is inapplicable because the

26                *Western* action does not seek damages because of property damage caused

27                by an "occurrence."

28

SF/3826809v1

COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

Sedgwick

h.     The Contractors Pollution Liability and Professional Liability coverages are inapplicable by their terms to the claims alleged in the *Western* action.

32.     WSLIC desires a judicial determination of its rights and duties under the WSLIC policies, if any, with respect to the claims made against Diversified in the *Western* action.

33.     A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without judicial adjudication. Accordingly, WSLIC has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that WSLIC has no duty to indemnify or to satisfy a judgment for damages against Diversified under the WSLIC policies, or to bear the cost of other relief sought by Western against Diversified in the *Western* action under the WSLIC policies.

### THIRD CLAIM FOR RELIEF – REIMBURSEMENT

34.     WSLIC incorporates herein by reference, as if fully restated, paragraphs 1 through 33 above.

35.     WSLIC has incurred and may continue to incur attorneys' fees and other expenses in connection with its defense of Diversified in the *Western* action, in a sum in excess of $75,000.

36.     If the court determines that WSLIC has no duty to defend Diversified in the *Western* action, or has no duty to defend all of the claims in the *Western* action, WSLIC has an equitable and quasi-contractual right to be reimbursed by Diversified for some or all attorneys' fees, costs, and other expenses which may be paid or incurred by WSLIC in the defense of the *Western* action, in an amount according to proof.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Westchester Surplus Lines Insurance Company prays for relief as follows:

1.     For a judgment that, by reason of the terms, conditions, exclusions and limitations of the WSLIC policies, Westchester Surplus Lines Insurance Company has no duty to defend Diversified with respect to the *Western* action;

Sedgwick

-16-                                                                CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT

2.      For a judgment that, by reason of the terms, conditions, exclusions and limitations of the WSLIC policies, Westchester Surplus Lines Insurance Company has no duty to indemnify Diversified, and/or to satisfy any judgment that may be rendered in favor of Western and against Diversified in the *Western* action;

3.      For a judgment that, by reason of the terms, conditions, exclusions and limitations of the WSLIC policies, that WSLIC is entitled to restitution and reimbursement from Diversified for some or all sums expended in the defense of the *Western* action, in an amount according to proof;

4.      On all causes of action, for interest, including prejudgment interest;

5.      On all causes of action, for costs incurred herein; and

6.      For such other and further relief as the Court deems just and proper.

DATED: June 3, 2013      SEDGWICK LLP

By: _____

Bruce D. Celebrezze
Matthew C. Lovell
Michael A. Topp
Attorneys for plaintiff, WESTCHESTER SURPLUS LINES INSURANCE COMPANY

CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT
SF/3826809v1

1

## DEMAND FOR JURY TRIAL

2    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff Westchester Surplus

3    Lines Insurance Company hereby demands a jury trial for this action.

4    DATED: June 3 , 2013          SEDGWICK LLP

5

6
                                  By:
7                                      Bruce D. Celebrezze
                                       Matthew C. Lovell
8                                      Michael A. Topp
9                                      Attorneys for plaintiff, WESTCHESTER SURPLUS
                                       LINES INSURANCE COMPANY
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sedgwick LLP

-18-                                                                    CASE NO.
COMPLAINT FOR DECLARATORY JUDGMENT AND REIMBURSEMENT